JQYNES, J.
I concur in a reversal of the judgment in this case with much reluctance! I do so only in consequence of the decision in Maclin’s Case, and the acquiescence of the legislature during the long period which has since elapsed, within which there have been two revisa,Is of the criminal laws. But for that case, I should entertain no doubt of the correctness of the judgment which we now reverse.
It is conceded on all hands, that an action of trespass may be maintained for killing a dog; and I think the statute was designed to afford an additional restraint to the commission of a trespass by making it a misdemeanor. Such trespasses tend to public 'mischief, by making the enjoyment of property insecure, and by provoking breaches of the peace; and, moreover, the remedy by indictment will be effectual^in many cases, when the remedy by civil action would be unavailing. If a dog is property, so as to authorize a resort to one remedy to protect the enjoyment of it, I cannot see why it is' not equally so to authorize a. resort to the other. It does not appear to me that we ought - to apply to such a case the rules of the common law as to the subjects of larceny. The distinctions made by the old law *477 on this subject may have been well enough in another age and in a different state of society, but many of them are altogether capricious, and some of them cannot be considered, according to our views at this day, as anything but ridiculous and absurd. Thus, it is said to be larceny to steal a dove, a crane, a ‘swan, a partridge or a hare, that has been reclaimed; but not larceny to steal a parrot, a singing bird, a bear, or a squirrel, that has been reclaimed. 2 Bishop Cr. Law, ? 684. Tamed hawks, we are told, are the subjects of larceny, because ‘ ‘of their noble and generous nature and courage, serving ob vite solatium of princes and nobles and generous persons, to make them better fit for great employments.” 3 Inst. 109. Yet it is said to be no larceny to steal a dog, which is at least as noble, as generous and as courageous as a hawk, and a thousand times more useful, and which affords full as much vite solatium to princes and nobles, besides the vast amount of it which it affords to commoners who do not indulge in hawks.
These capricious and frivolous distinctions may be too firmly fixed in the law of larceny to be now shaken by the courts: I express no opinion as to that. But be that as it may, I do not think they ought to be adopted in the construction of the statute now under consideration. In this view I understand my brethren to concur; but we all feel constrained to hold that the question is not an open one in this state.
The following is the judgment of the court:
The court is opinion, for reasons stated in writing and filed with the record, that on the principle of the decision in Maclin’s Case, 3 Leigh 809, it is not an indictable offence to kill a dog, though it may be the ground of a civil action for damages; and whatever doubt may exist as to the correctness of that decision,' yet as it has never been overruled, but on the contrary has been tacitly sanctioned by the legislature, by embodying in the act of March 14, 1848, called the “Criminal Code,” and in the Code of 1849, without substantial change, the statute which was construed in that case, being the same in effect, so far as relates to this case, with the 53d section of ^chapter 192 of the Code of 1860, on which the prosecution in this case was founded, the court is of opinion that the said decision ought now to be regarded as a binding authority. Therefore it is considered that the said judgment is erroneous, and that the same be reversed and annulled; and this court proceeding to give such judgment as the said Circuit court ought to have given, it is further considered that the said judgment be arrested, and the said Simeon B. Davis, notwithstanding the verdict, go quit and discharged of the accusation made against him in the indictment. But the court is of opinion that under the circumstances of the case it would be improper to give any judgment for costs against the prosecutor either in this court or in the court below: which is ordered to be certified to the said Circuit court.